IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JERRY L. ADAMS,

Defendant.                                              No. 09-30059-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is the defendant Jerry L. Adam's pro se motion for jail time credit (Doc. 34). The defendant argues that time he served in jail prior to his sentencing was not credited at the time of sentencing and that a new judgment and commitment order reflecting the credit should be entered. Based on the following, the Court dismisses the motion for want of jurisdiction.

The defendant cites to 18 U.S.C. § 3585 in support of his argument. Section 3585(b) provides as follows:

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence."

18 U.S.C. 3585(b). Based upon this statute, the defendant contends that "relief must

be sought from the sentencing court and not the Bureau of Prisons." The Court disagrees.

In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court decided this exact issue and concluded that "§ 3585(b) does not authorize a district court to compute the credit at sentencing."; rather that computation is for the Attorney General through the Bureau of Prisons. *Id.* at 334-35; see *U.S. v. Koller*, 956 F.2d 1408, 1417 (1992); *U.S. v. Brumbaugh*, 909 F.2d 289, 291 (7th Cir. 1990). Therefore, the defendant must first seek § 3585 credit from the Attorney General (or more specifically the Bureau of Prisons). *Koller*, 956 F.2d at 1417; *Brumbaugh*, 909 F.2d at 291. This Court would then have jurisdiction to review the Attorney General's decision after the defendant has exhausted his administrative remedies. *Wilson*, 503 U.S. at 335; *Koller*, 956 F.2d at 1417 (citing *U.S. v. Hornick*, 815 F.2d 1156, 1160 (7th Cir. 1987)). Accordingly, the Court DISMISSES the defendant's motion (Doc. 34) for lack of jurisdiction. *U.S. v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995).

**IT IS SO ORDERED.**

Signed this 7th day of April, 2011.

David R. Herndon
2011.04.07
04:27:02 -05'00'

**Chief Judge**
**United States District Court**